UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:                                                                              CIVIL ACTION NO.

$365,600.00 FROM INVESTAR
BANK ACCOUNT NO. 4004089462
IN THE NAME OF ALBRITTON HOME                          21-42-JWD-EWD
CONSTRUCTION GROUP, INC.

    Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 25, 2022.

ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:	CIVIL ACTION NO.

$365,600.00 FROM INVESTAR
BANK ACCOUNT NO. 4004089462
IN THE NAME OF ALBRITTON HOME	21-42-JWD-EWD
CONSTRUCTION GROUP, INC.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two motions: 1) the re-urged Motion to Strike Claim and Answer ("Motion to Strike"), filed by Plaintiff the United States of America ("USA"),[1] to which no timely response has been filed; and 2) the Motion to Dismiss Complaint ("Motion to Dismiss"),[2] filed by claimant Richard Hebert, Jr. ("Hebert"), which is opposed by the USA.[3]  It is recommended[4] that the Motion to Strike be granted.  Hebert cannot represent Albritton Home Construction Group, Inc. ("Albritton") in these proceedings, regardless of his relationship to the entity, because Albritton can only appear through counsel, and Hebert does not have prudential standing under 18 U.S.C. § 983(a)(4)(A) to contest this forfeiture action on his own behalf.  It is further recommended that the Motion to Dismiss be denied since Hebert lacks prudential standing to contest the forfeiture.

**I.	BACKGROUND**

On January 18, 2021, the USA filed its Verified Complaint for Forfeiture in Rem ("Complaint") pursuant to Supplemental Rule G for Admiralty or Maritime Claims and Asset

---

[1] R. Doc. 41.  Pursuant to Local Civil Rule 7(f), any opposition memorandum was due no later than twenty-one days after the motion was served.  The Motion to Strike certifies that it was served on Richard Hebert by mail on January 25, 2022.  R. Doc. 41, p. 2.  Accordingly, the time period to respond has passed.
[2] R. Doc. 7.
[3] R. Doc. 9.
[4] On March 31, 2021, all dispositive motions in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), Fed. R. Civ. P. 72(b), and Local Civil Rule 72(b).  R. Doc. 8.

Forfeiture Actions ("Supplemental Rule G"), seeking the forfeiture and condemnation of the in rem property described as "$365,600 formerly in Investar[5] Bank Account No. 4004089462 in the name of Albritton Home Construction Group, Inc.," (the "Funds").  The funds were seized on July 30, 2020 pursuant to a seizure warrant issued by this Court and were in the possession of the United States Treasury at the time the Complaint was filed.[6]  The USA asserted that the Funds were obtained due to alleged wire fraud (18 U.S.C. § 1343), and/or bank fraud (18 U.S.C. § 1344), in connection with a Paycheck Protection Program ("PPP") loan obtained by Albritton, and thus subject to forfeiture to the USA pursuant to 18 U.S.C. § 981(a)(1)(D) and/or 18 U.S.C. § 981(a)(1)(C), respectively.  A Warrant of Arrest in Rem was issued on February 23, 2021, pursuant to Supplemental Rule G(3)(b).[7]

According to the Complaint (referencing Louisiana Secretary of State filings), Hebert is a sixty percent owner of Albritton, and executed the PPP loan documentation as Albritton's president in June 2020.[8] On March 19, 2021, the USA served the notice of the Complaint required by Supplemental Rule G(4)(b) upon potential claimants, including Hebert, advising him of the deadline to file a verified claim and the contents of same, and of the deadline to file an answer or Fed. R. Civ. P. 12 motion.[9]  On March 26, 2021, Hebert filed a verified "Claim Form" ("Claim") *pro se*, in which Hebert stated: "Richard Hebert Jr./Albritton Home Construction Group, Inc. has

---

[5] While the Complaint alternatively alleges that the PPP loan was sought from Investar Bank or Iberia Bank and deposited into an Investar or Iberia Bank account opened by Albritton (*see* R. Doc. 1, ¶¶ 7-8, 12), the Complaint consistently alleges that the Funds were seized from an Investar bank account in Albritton's name. *See* R. Doc. 1 case caption, "Nature of the Action" at p. 1, "The Defendant in Rem" at p. 2, and ¶ 13.
[6] R. Doc. 1, ¶ 13.
[7] R. Doc. 4.
[8] R. Doc. 1, ¶¶ 5, 8.
[9] R. Doc. 9-1. Supplemental Rule G(4)(b)(ii) provides: "(ii) Content of the Notice. The notice must state: (A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer."

2

an interest in the $365,600.00 funds…" and "Albritton Home Construction Group, Inc. /Richard Hebert Jr. has an interest in the mentioned asset."[10] Hebert also filed a two-sentence "Answer," generally alleging: "…Richard Hebert Jr./Albritton Home Construction Group Inc. object to the forfeiture of the $365,600.00 funds with account no [] and deny all allegations listed in this complaint," because "…the seized funds are identified as proceeds from a loan. These are loan funds that has [sic] to be paid back with daily interest to the bank."[11] The Clerk of Court then notified Hebert that, while his Claim and Answer had been filed, "corporations and partnerships must be represented by counsel." The Clerk's letter advised that counsel had to be enrolled on behalf of Albritton, or the Court would "take appropriate action."[12]  To date, counsel has not enrolled for Albritton.

On March 29, 2021, Hebert filed his Motion to Dismiss, solely on his own behalf as "owner of above assets," seeking dismissal of this action on several grounds.[13]  On April 19, 2021, the USA filed its opposition memorandum, contending that the Motion to Dismiss should be denied either because Plaintiff lacked standing to assert the Motion to Dismiss due to his failure to file a valid answer, or alternatively, because the Complaint sets forth a valid basis for forfeiture of the property, which the USA has standing to bring.[14] The USA then filed its original Motion to Strike Answer, asserting the same deficiencies in Hebert's Answer and seeking to strike it pursuant to

---

[10] R. Doc. 6.
[11] R. Doc. 6.
[12] R. Doc. 5.
[13] R. Doc. 7.
[14] *See* R. Doc. 9.  The USA contended that Plaintiff's original Answer was deficient pursuant to Fed. R. Civ. P. 8(b) because the Answer contained only a general denial and failed to admit or deny the substance of the Complaint's allegations. *See* R. Doc. 9, pp. 2-4 citing Supplemental Rule G(1) and a line of cases wherein federal courts have stricken answers that improperly assert general denials in violation of Fed. R. Civ. P. 8(b). *See id.,* citing*, e.g., Mary Kay, Inc. v. Dunlap,* No. 3:12-CV-0029-D, 2012 WL 2358082, at *8 (N.D. Tex. June 21, 2012).  As a result of the deficient Answer, the USA contended that Hebert lacked statutory standing to file the Motion to Dismiss pursuant to Supplemental Rule G(8)(b)(i), which provides that "[a] claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." R. Doc. 9, p. 4.

3

Supplemental Rule G(8)(c).[15] In response, and without seeking leave of Court, Hebert filed a "Memorandum in Support of Answer," solely on his own behalf, which responds to the Complaint primarily with denials for lack of sufficient information and two affirmative defenses.[16] The USA was ordered to withdraw its Motion to Strike if the USA agreed that the Memorandum in Support of Answer resolved the Motion to Strike, or to file a supplemental memorandum explaining why the Memorandum/Answer was still deficient.[17] The USA withdrew the original Motion to Strike.[18]

Because it was still not clear from the record whether Hebert has standing to bring his Motion to Dismiss as a purported "owner" of the funds, on January 4, 2022, the parties were ordered to brief the issue of Hebert's standing to raise the Motion to Dismiss.[19] Hebert filed his one-page response on January 11, 2022, and the USA filed its supplemental brief on January 25, 2022, re-asserting that Hebert lacks standing.[20]

That same day, the USA filed the instant Motion to Strike, which seeks dismissal of the Claim and Answer filed by Hebert for the same reasons supporting denial of his Motion to Dismiss,

---

[15] R. Doc. 12.
[16] R. Doc. 25.
[17] R. Doc. 26.
[18] R. Docs. 27-28. The USA contended that the "memorandum provides sufficient responses to the specific allegations in the complaint, thus alleviating the issue raised in the government's Motion to Strike." R. Doc. 27, ¶ 5. Despite the opportunity to file a supplemental brief addressing the Answer's deficiencies, the USA did not challenge the timeliness of the filing of the Memorandum in Support of Answer (*see* Supplemental Rule G(5)(b)(requiring that an answer be filed within 21 days after the filing of the claim)). This Court recently addressed this issue in a similar case involving the same parties, *In Re: $477,225 From B1 Bank Account Number 080030125069*, No. 21-41 (M.D. La. Feb. 22, 2022), No. 25. In that case, this Court held that Hebert's memorandum in support of answer, filed three and half months after his original deficient answer and more than 21 days after the claim, was untimely, and ultimately granted the USA's motion to strike the claim and answer on that basis. Because the USA does not challenge whether Hebert's Memorandum in Support of Answer is sufficient to comply with Supplemental Rule G(5)(b), that issue is not addressed in this Report.
[19] R. Doc. 37. While also not raised by the USA, the Motion to Dismiss may be untimely. Supplemental Rule G(5)(b) requires that a claimant file "an Answer to the complaint *or* a motion under Rule 12 within 21 days after filing the claim." Hebert timely filed a deficient Answer (R. Doc. 6), followed by the Motion to Dismiss three days later (R. Doc. 7), followed by a Memorandum in Support of Answer several months later in response to the USA's Motion to Strike Answer (R. Doc. 25). Pursuant to Fed. R. Civ. P. 12(b), a motion asserting any defenses under Rule 12(b) "must be made before pleading if a responsive pleading is allowed," and thus the Motion to Dismiss, filed after the original Answer, may be untimely.
[20] R. Docs. 38 and 40.

*i.e.*, Hebert's lack of standing to contest the forfeiture on his own behalf and on behalf of Albritton and/or because Hebert lacks a cause of action under 18 U.S.C. § 983(a)(4)(A).[21] The USA then filed a "Notice to Correct Filings," withdrawing its argument contesting Hebert's Article III standing but re-asserting its other arguments, which the Court will construe as a Supplemental and Amended Brief in support of its pending Motion to Strike.[22]

## II.  LAW AND ANALYSIS

### A. Legal Standards

#### 1. Jurisdiction Over Actions for Forfeiture In Rem

Federal jurisdiction exists over proceedings brought by the USA pursuant to 28 U.S.C. § 1345,[23] and over forfeiture actions pursuant to 28 U.S.C. § 1355(a).[24] In rem jurisdiction exists over the Funds under 28 U.S.C. § 1355(b).[25] 18 U.S.C. § 981(a)(1)(C) and (D),[26] and 28 U.S.C. § 2461,[27] authorize the USA to bring, in its own right, civil actions in rem to seek forfeiture and condemnation of property that is obtained as a result of bank and/wire fraud in violation of 18

---

[21] R. Doc. 41.  The Motion to Strike was referred on January 27, 2022.
[22] R. Doc. 42.
[23] "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."
[24] "(a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title."
[25] "(b)(1) A forfeiture action or proceeding may be brought in-- (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute…..(d) Any court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any other district such process as may be required to bring before the court the property that is the subject of the forfeiture action."
[26] "(a)(1) The following property is subject to forfeiture to the United States: ….(C)… 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense. (D) Any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from a violation of--…(vi) section 1343 (relating to wire fraud)…."
[27] "(a) Whenever a civil fine, penalty or pecuniary forfeiture is prescribed for the violation of an Act of Congress without specifying the mode of recovery or enforcement thereof, it may be recovered in a civil action."

U.S.C. § 1344[28] and 18 U.S.C. § 1343,[29] respectively, which the USA has alleged in this case.[30] Per 18 U.S.C. § 983(a)(4)(a), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property" in the manner specified in Supplemental Rule G.[31]

        *2. Motions to Strike a Claim or Answer and Motions to Dismiss the Action*

Per Supplemental Rule G(8)(c)(i)(A)-(B) and (c)(ii)(A), "At any time before trial, the government may move to strike a claim or answer: for failing to comply with Rule G(5) or (6), or because the claimant lacks standing. The motion must be decided before any motion by the claimant to dismiss the action…."[32]

Supplemental Rule G(8)(b)(i) permits a person *with standing* to contest forfeiture to move to dismiss the action under Rule 12(b). Consideration of standing is a threshold issue.[33] "The burden of establishing standing to contest forfeiture is on the claimant...."[34] A claimant must

---

[28] "Whoever knowingly executes, or attempts to execute, a scheme or artifice--(1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

[29] "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency…, or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."

[30] R. Doc. 1, *in globo*.

[31] "In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint."

[32] Accordingly, per Supplemental Rule G(8)(c)(ii)(A), the Motion to Strike is decided before the Motion to Dismiss.

[33] *See U.S. v. $38,570 U.S. Currency,* 950 F.2d 1108, 1111 (5th Cir. 1992), citing *U.S. v. $321,470 in U.S. Currency,* 874 F.2d 298, 302 (5th Cir. 1989) ("Standing ... is literally a threshold question for entry into a federal court.").

[34] *U.S. v. One 1998 Mercury Sable Vin: £1MEMF5OU4WA621967,* 122 F. App'x 760, 762 (5th Cir. 2004).

establish statutory standing, Article III standing, and prudential standing.[35] Article III standing is satisfied by the showing of "at least a *facially colorable interest* in the proceedings sufficient to satisfy the case-or-controversy requirement and the prudential considerations defining and limiting the role of the court.[36]" "This is consistent with our court's having previously held "that only 'owners' have standing to contest a forfeiture,' but that term should be broadly construed 'to include any person with a recognizable legal or equitable interest in the property seized.'"[37] An "unsupported assertion of ownership" will not suffice.[38] Statutory standing is achieved by strictly complying with Supplemental Rule G.[39] Prudential standing presents "a merits question: who, according to the governing substantive law, is entitled to enforce the right?"[40]

### B. Hebert Is Not an Attorney and Cannot Contest This Forfeiture Action on Behalf of Albritton

It is not clear whether Hebert's Claim was filed on behalf of himself, on behalf of Albritton, or on behalf of both, as the Claim asserts an interest on behalf of "Richard Hebert Jr./Albritton Home Construction Group. Inc."[41] Likewise, the original Answer objects to forfeiture on behalf

---

[35] *See United States v. Two Hundred Tweinty-Three* [sic] *Thousand, Nine Hundred Sixty Dollars in United States Currency,* No. 16-119, 2016 WL 6821097, at *2 (M.D. La. Nov. 17, 2016). *See also United States v. $229,590.00 in U.S. Currency Seized from a Safe in the Home of Dallas County Com'r Price,* No. 12-893, 2012 WL 4354814, at *2 (N.D. Tex. Sept. 24, 2012) (noting, in the context of a claimant's request for a stay of forfeiture proceedings: "A claimant seeking a stay under § 981(g)(2) must have both Article III and statutory standing to contest the forfeiture.") (citations omitted).

[36] *One 1998 Mercury Sable,* 122 F. App'x at 762-63, citing *Kadonsky v. U.S.,* 216 F.3d 499, 508 (5th Cir. 2000) (emphasis added) (other quotations omitted).

[37] *Id.* at 762, citing *$38,570 U.S. Currency,* 950 F.2d at 1111–12 & n. 4.

[38] *Id.* at 763, citing *Kadonsky,* 216 F.3d at 508.

[39] *$229,590.00 in U.S. Currency,* 2012 WL 4354814, at *2, citing *U.S. v. $12,126.00 in U.S. Currency,* 337 F. App'x. 818, 820 (11th Cir. 2009) (per curiam) (citations omitted) ("We have emphasized that claimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action."). *See also U.S. v. $5,730.00 in U.S. Currency,* 109 F. App'x 712, 713 (6th Cir. 2004).

[40] *Abraugh v. Altimus,* No. 21-30205, 2022 WL 433694, at *4 (5th Cir. 2022) (explaining the difference between Article III and prudential standing and clarifying that a lack of prudential standing does not deprive the court of subject matter jurisdiction.

[41] R. Doc. 6, p. 2.

of "Richard Hebert Jr./Albritton Home Construction Group. Inc."[42] To the extent Hebert filed the Claim and Answer on behalf of Albritton, he cannot do so. As Hebert was notified on March 30, 2021 by the Clerk of Court, corporations must be represented by counsel.[43]

"It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."[44] A "layperson may not represent a corporation, regardless of his relationship to the corporation."[45] "This is so even when the person seeking to represent the corporation is its president and major stockholder."[46] "[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary."[47] The Court could "admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case."[48] "Indeed, when a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant."[49] However, as noted by the Fifth Circuit, "In virtually every case in which a district court dismissed the claims (or struck the pleadings) of

---

[42] R. Doc. 6, p. 1.
[43] R. Doc. 5 and *see* R. Doc. 38-1, Secretary of State documents reinstating Albritton's Articles of Incorporation as of May 14, 2020.
[44] R. Doc. 41-1, pp. 2-3 and *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). *See Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004), citing *Rowland*, 506 U.S. at 202 ("28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney.").
[45] *Roshan Associates Inc. v. Motiva Enterprises, L.L.C.*, 241 F. Supp. 2d 639, 641, n. 1 (E.D. La. Aug. 28, 2002), *aff'd sub nom., Roshan Associates Inc. v. Motiva Enterprises*, 66 F. App'x 525 (5th Cir. 2003). *See also Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) ("As we stated in *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982), the 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'").
[46] *F.M.D. Holdings, LLC v. Regent Fin. Corp.,* No. 20-269, 2021 WL 5883136, at *6 (N.D. Tex. Dec. 10, 2021), citing *In Re K.M.A.*, 652 F.2d at 399.
[47] *Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC,* No. 20-167, 2020 WL 10692700, at *1 (W.D. Tex. Apr. 27, 2020), citing *Memon,* 385 F.3d at 873.
[48] *F.M.D. Holdings, LLC*, 2021 WL 5883136, at *6, citing *Memon,* 385 F.3d at 873, n. 5.
[49] *F.M.D. Holdings, LLC,* 2021 WL 5883136, at *6, citing *Donovan,* 736 F.2d at 1005 (holding that the district court properly struck the defenses of a corporate defendant that refused to hire counsel).

a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case….Other courts have dismissed such cases without prejudice, allowing the corporation to re-file after acquiring a lawyer."[50]

Although the Clerk of Court warned ten months ago that the Court would take appropriate action if counsel was not enrolled on behalf of Albritton, counsel has not enrolled, and no argument has been offered to dispute that counsel was required to enroll. As Hebert is a layperson who is barred from filing a claim and answer on Albritton's behalf, it is recommended that the USA's Motion to Strike be granted, striking the Claim and Answer filed by Hebert on behalf of Albritton without prejudice.[51]

### C. Hebert Does Not Have Prudential Standing Under 18 U.S.C. § 983(a)(4)(A) to Contest This Forfeiture Action on His Own Behalf

The Claim and Answer were brought contemporaneously by: "Richard Hebert Jr./Albritton Home Construction Group. Inc,"[52] which implies that Hebert is also asserting a claim to the Funds on his own behalf (as well as on behalf of Albritton). Hebert's other filings similarly indicate that he is asserting a personal claim, as in his Motion to Dismiss he claims to be "owner" and

---

[50] *Memon,* 385 F.3d at 874 citing *Donovan,* 736 F.2d at 1005, *K.M.A., Inc.,* 652 F.2d at 399, and *e.g., Capital Group, Inc. v. Gaston & Snow,* 768 F. Supp. 264, 265–66 (E.D. Wis. 1991) (other citations omitted). *See also Memon,* 385 F.3d at 874 (reversing dismissal with prejudice of the claims of an unrepresented corporation who had not been given a warning to retain counsel prior to the dismissal: "This court has consistently recognized 'that dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'").
[51] *See In Re: $477,225 From B1 Bank Account Number 080030125069,* No. 21-41 (M.D. La. Feb. 22, 2022), No. 25 pp. 5-6, citing *Memon,* 385 F.3d at 873) (holding in a similar forfeiture proceeding that the original answer Hebert filed on behalf of another company, Interstate Construction Group, Inc., was invalid because it failed to comply with Fed. R. Civ. P. 8, and was also "invalid as a matter of law because a corporation may not represent itself *pro se* in federal court"). *See also Donovan,* 736 F.2d at 1005 (in an FLSA case, defenses of unrepresented corporation stricken after *pro se* sole shareholder failed to enroll counsel for corporation despite order to enroll counsel). This Report takes no position on the propriety or timeliness of any future filings by Albritton.
[52] R. Doc. 6, pp. 1-2.

"claimant" "of above assets;"[53] in his Memorandum in Support of Answer he identifies himself as "Innocent owner" and makes a reference to "Innocent owner Defense;"[54] and in his supplemental memorandum, he likewise contends that he "has an interest in the above mentioned assets as innocent owner," and he "claim[s] innocent owner."[55] "[I]n order to survive the United States' motion to strike, Claimant must provide some evidence that he has an ownership interest to contest the forfeiture."[56] A claimant "must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and the 'prudential considerations defining and limiting the role of the court.'"[57] An "unsupported assertion of ownership" will not suffice.[58]

Assuming that Hebert has Article III standing as an alleged owner of Albritton (an issue which the USA no longer contests),[59] Hebert's claim is still subject to dismissal because he does not have a cause of action to contest forfeiture.[60] The Fifth Circuit has held that, to show standing in the civil forfeiture context, a claimant must show both constitutional and "prudential" standing;[61] in other words, the real issue is whether, using traditional principles of statutory

---

[53] R. Doc. 7, pp. 1-2.
[54] R. Doc. 25, p. 1.
[55] R. Doc. 38 p. 1, introductory paragraph and ¶ 1.
[56] *Two Hundred Tweinty-Three* [sic] *Thousand, Nine Hundred Sixty Dollars*, 2016 WL 6821097, at *2.
[57] *U.S. v. One 18th Century Colombian Monstrance,* 797 F.2d 1370, 1375 (5th Cir. 1986), quoting *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975).
[58] *One 1998 Mercury Sable*, 122 F. App'x at 762-63, citing *Kadonsky,* 216 F.3d at 508.
[59] R. Doc. 42 and *United States v. M/Y Galactica Star*, 13 F.4th 448, 455 (5th Cir. 2021) (finding sole shareholder of owner of seized funds had Article III standing in forfeiture action but subsequently finding that such shareholder lacked a cause of action under the civil forfeiture statute). Subsequent reported history of the proceedings in *M/Y Galactica Star* reflects that Enron Nigeria Power Holding, Limited, another claimant in that case, has recently petitioned for *certiorari,* challenging the Fifth Circuit's rulings on issues that are not applicable here, *e.g.,* interpretation of "commercial activity" within the meaning of the Foreign Sovereign Immunities Act. Petition for a Writ of Cert., *Enron Nigeria Power Holding, Limited v. United States, et al.* (February 10, 2022) (No. 21-1108), 2021 WL 6882132.
[60] R. Doc. 41-1, p. 6.
[61] *M/Y Galactica Star,* 13 F.4th at 455*,* citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 125 (2014).

interpretation, the party "has a cause of action under the statute." As applied in an action for forfeiture in rem, "the issue then is whether a shareholder of a corporation has a cause of action under § 983(a)(4)(A), *i.e.*, 'an interest in the seized property,' to challenge a civil forfeiture of the corporation's assets."[62]

The verified Complaint alleges that the Funds were borrowed by *Albritton* and deposited into an account in *Albritton*'s name.[63] Moreover, the USA contends that the Funds remained in Albritton's Investar bank account and were not transferred by Hebert into his personal account.[64] Hebert does not dispute any of these allegations, and significantly, has acknowledged that the Funds are "identified as proceeds from a loan…that ha[ve] to be paid back with daily interest to the bank."[65] Hebert has provided no information to show that the Funds loaned to Albritton and deposited into Albritton's account became his property. Nor has Hebert otherwise shown an ownership interest in the Funds, despite that he was given an opportunity to provide evidence of such ownership.[66]

Hebert's title as president of, and his ownership interest in, Albritton does not give rise to a cause of action by Hebert under the civil forfeiture statute because Hebert's interest in Albritton's stock does not establish that Hebert has an ownership interest in Albritton's corporate assets.[67] *See M/Y Galactica Star:*

> As the Supreme Court has noted, "[a] basic tenet of American corporate law is that the corporation and its shareholders are distinct entities . . . . An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets . . . ."

---

[62] *M/Y Galactica Star,* 13 F.4th at 455.
[63] R. Doc. 1, ¶ 7.
[64] R. Doc. 41-1, pp. 5-6.
[65] R. Doc. 6, p. 1 and *see* R. Doc. 7, p. 2 and R. Doc. 38, p. 1.
[66] R. Doc. 37.
[67] *M/Y Galactica Star*, 13 F.4th at 456 (dismissing claim of sole shareholder of owner of seized property because claimant had no ownership interest in the seized property and therefore no cause of action).

11

> This Court too has noted that "a corporation is a separate entity from its shareholders," and therefore "the shareholders' interest in the corporation does not equate to ownership by the shareholder of specific corporation assets."[68]

As recognized by Louisiana law, Albritton is separate and distinct from its shareholders and officers, including Hebert. Hebert has not established that he owns Albritton's assets, including the Funds, and therefore Hebert has shown no ownership over the Funds by virtue of his assertions of his status, *i.e.*, as president and/or owner of Albritton, which is the only purported evidence he relies on to establish his claim.[69] Therefore, it is recommended that the USA's Motion to Strike be granted, striking the Claim and Answer filed by Hebert personally because Hebert has no cause of action under the civil forfeiture statute.

### D. Hebert Cannot Seek Dismissal of This Action Because He Does Not Have Prudential Standing to Contest Forfeiture

Only claimants who establish standing to contest forfeiture can seek dismissal of the action.[70] Because Hebert does not have prudential standing to contest the forfeiture for the reasons explained above, it is recommended that Hebert's Motion to Dismiss be dismissed with prejudice.[71]

---

[68] *M/Y Galactica Star*, 13 F.4th at 456. *See also Huard v. Shreveport Pirates, Inc.,* 147 F.3d 406, 409 (5th Cir. 1998), citing *Riggins v. Dixie Shoring Co., Inc.,* 590 So. 2d 1164, 1167 (La. 1991) (other citations omitted) ("Under Louisiana law, 'corporations are distinct legal entities, separate from the individuals who comprise them."). While the Funds are comprised of cash, they are proceeds from a PPP Loan to Albritton.

[69] *U.S. v. East Carroll Correctional Systems, Inc.*, 14 F. Supp. 2d 851, 853 (W.D. La. July 22, 1998) (holding, in a federal forfeiture action: "[t]he property of [a] corporation is not the property of the individual shareholders. Nor does a shareholder have a pecuniary interest in the property owned by the corporation," citing *Succession of Mydland,* 94-0501 (La. App. 1 Cir. 3/3/95), 653 So. 2d 8 (citations omitted)). *See also M/Y Galactica Star,* 13 F.4th at 457 ("This Court too has noted that 'a corporation is a separate entity from its shareholders,' and therefore 'the shareholders' interest in the corporation does not equate to ownership by the shareholder of specific corporation assets,'" citing *U.S. v. Wyly*, 193 F.3d 289, 304 (5th Cir. 1999)). Additionally, and as mentioned, Hebert cannot represent Albritton's interests because Albritton must be represented by an attorney.

[70] Supplemental Rule G(8)(b)(i).

[71] *See M/Y Galactica Star*, 13 F.4th at 459 (holding that sole shareholder of owner of seized property had no cause of action under forfeiture statute and affirming dismissal of shareholder's claim for lack of standing).

## III. CONCLUSION

Because Hebert cannot act on behalf of Albritton and he has not established prudential standing to personally contest the forfeiture, **IT IS RECOMMENDED** that the USA's Motion to Strike the Claims and Answer of Richard Hebert, Jr.[72] be **GRANTED,** and the Claim and Answer, filed by Hebert be **STRICKEN WITHOUT PREJUDICE** to the extent they were filed on behalf of Albritton Home Construction Group, Inc., because Hebert is not an attorney who can assert claims on Albritton's behalf; and be **STRICKEN WITH PREJUDICE**, to the extent they were filed by Hebert personally, as he has no cause of action to contest forfeiture.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss the USA's Complaint,[73] filed by Richard Hebert, Jr., be **DISMISSED WITH PREJUDICE** because Hebert does not have standing to contest forfeiture.

Signed in Baton Rouge, Louisiana, on February 25, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[72] R. Doc. 41.
[73] R. Doc. 7.